UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| LOUIS RAY GILBEAU, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:24-cv-633 |
| NICHOLAS DEML, HANNAH PFADENHAUER, MAX TITUS, | ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**(Docs. 13, 21, 25)**

Plaintiff Louis Ray Gilbeau, Jr., a prisoner proceeding pro se, sues the above-captioned Vermont Department of Corrections (DOC) personnel in their individual and official capacities under 42 U.S.C. § 1983. He alleges that denial of his request for sex-offender programming as an accommodation for his disability—and accessing his medical records without his permission to support the conclusion that medical evidence did not support that accommodation—violated his rights under the Eighth and Fourteenth Amendments and under the Health Insurance Portability and Accountability Act (HIPAA) and the Americans with Disabilities Act (ADA). (*See* Doc. 9.)[1] On February 3, 2025, the Magistrate Judge issued a Report and Recommendation (R&R) (Doc. 25) recommending that the court grant Defendants' Motion to Dismiss (Doc. 13) and their Motion to Strike (Doc. 21) Plaintiff's sur-reply (Doc. 20). Plaintiff has not filed an objection to the R&R, and the deadline for filing an objection has passed. After careful review

---

[1] Plaintiff has also filed a separate § 1983 action against Nicholas Deml, Hannah Pfadenhauer, and multiple other DOC personnel for allegedly failing to protect him from being falsely accused in a PREA (Prison Rape Elimination Act) complaint. *See* Compl., *Gilbeau v. Deml*, No. 24-cv-632 (D. Vt. Aug. 7, 2024), ECF No. 9.

of the file and the Magistrate Judge's R&R, the Report and Recommendation is AFFIRMED, APPROVED, and ADOPTED. *See* 28 U.S.C. § 636(b)(1).

## Background

The R&R accurately recites the relevant factual background and procedural history. (*See* Doc. 25 at 2–5.) In brief, this case arises out of a "Request for Reasonable Accommodation" form that Plaintiff signed on October 20, 2022. (Doc. 9 at 13.) The request form indicates that Plaintiff has "ADHD, Bi-Polar/Explosive Personality Disorder" and that he requests "ADA VTPSA [Vermont Treatment Program for Sexual Abusers] Programming" because he has "a hard time paying attention in large groups and I was on an IEP [Individualized Education Program] in middle & high school." (*Id.*) Defendant Pfadenhauer signed a response denying the request on November 29, 2022, explaining: "Medical and education information/assessment don't support requested accommodation." (*Id.*)

Plaintiff signed an informal grievance on December 1, 2022, asserting that he qualifies for ADA accommodations but that his request was denied. He also complained that "on the response Ms. Pfadenhauer clearly [admits] to a [HIPAA] violation." (*Id.* at 10.) Staff responded by advising Plaintiff to "[p]ut in request to your caseworker." (*Id.*) Plaintiff then signed a formal grievance on December 2, 2022, stating: "My complaint is that per Directive #371.01 I qualify for ADA programming yet I was denied and on the response Ms. Pfadenhauer clearly [admits] to a [HIPAA] violation." (*Id.* at 11.) Plaintiff signed an "Appeal to Commissioner" form on December 30, 2022, asserting the same complaint and further asserting that he had received no response to his formal grievance within 20 days "as per policy #320." (*Id.* at 12.)

## Standard of Review

Where a magistrate judge enters a recommended disposition on a dispositive motion, a district judge must determine "de novo" any part of the recommendation to which a party properly objects. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). "The court may adopt those portions of the [R&R] to which no objection is made as long as no clear error is apparent from the face of the record." *United States v. Shores*, No. 17-cr-00083, 2024 WL 489313, at *10 (D. Vt. Feb. 8, 2024) (alteration in original; quoting *Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020)). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Cullen*, 194 F.3d at 405.

## Analysis

I.   **Motion to Strike (Doc. 21)**

As noted in the R&R's recitation of procedural history, Defendants have filed a motion to dismiss (Doc. 13), Plaintiff filed an opposition (Doc. 18), and Defendants filed a reply (Doc. 19). Without requesting leave to do so, Plaintiff filed an "Opposition of Defendants Reply" on December 9, 2024. (Doc. 20.) Defendants responded with a motion to strike that document as an unauthorized sur-reply. (Doc. 21.)

The R&R correctly recites the relevant law and procedure regarding sur-replies. (*See* Doc. 25 at 3–5.) However, "courts are generally less rigid in applying sur-reply restrictions to *pro se* litigants." *Henderson v. Hembrook*, No. 18-CV-6091, 2023 WL 6258944, at *3 W.D.N.Y. Sept. 26, 2023); *see also Demarest v. Town of Underhill*, No. 21-cv-167, 2022 WL 911146, at *1 n.1 (D. Vt. Mar. 29, 2022) (considering plaintiff's unauthorized sur-reply due to in

3

part to the plaintiff's pro se status). The court finds no clear error in the recommendation to strike the sur-reply—granting that relief is within the court's broad discretion. The court has nevertheless reviewed the sur-reply—and Plaintiff's opposition to the motion to strike (Doc. 22)—and concludes that the result is the same even if those documents are considered. *Cf. Trombetta v. Novocin*, No. 18-CV-993, 2022 WL 280986, at *1 (S.D.N.Y. Jan. 31, 2022) (denying motion to reconsider, ruling that the court properly exercised discretion to strike a sur-reply, but that the result would have been the same even if the court considered it).

## II.    Motion to Dismiss (Doc. 13)

After reciting the applicable standards under Fed. R. Civ. P. 12(b)(6), the R&R reviews Eleventh Amendment immunity, the personal-involvement requirement, and the plausibility of Plaintiff's claims of violations of his rights under the Eighth and Fourteenth Amendments and under HIPAA and the ADA. (*See* Doc. 25 at 13–17.) The court finds no clear error in the Eleventh Amendment immunity analysis. For the reasons stated in the R&R, Eleventh Amendment immunity bars recovery of money damages and issuance of retrospective injunctive relief against Defendants in their official capacities.

As noted in the R&R, a defendant's "personal involvement" in the alleged deprivations is a prerequisite to an award of damages under § 1983. The court agrees with the R&R that the allegations against Defendant Pfadenhauer are relatively "bare." (*Id.* at 11.) But the allegations do indicate that Pfadenhauer denied Plaintiff's request for VTPSA programming as an "accommodation" for his disability, reasoning that "Medical and education information/assessment don't support requested accommodation." (Doc. 9 at 13.) In the court's

4

view, those allegations are sufficient to constitute personal involvement in the alleged deprivations.[2]

As for Defendants Deml and Titus—respectively the DOC Commissioner and ADA "Director" at the relevant times (*see* Doc. 9 ¶¶ 4, 6)—the R&R properly considers the possibility of supervisory liability. The court agrees with the R&R that the Complaint fails to allege Deml's and Titus's personal involvement under the principles announced in *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020).

In addition to the Eleventh Amendment and personal-involvement issues, the R&R concludes that "[t]he Complaint should also be dismissed because it does not state a federal constitutional or statutory claim under § 1983." (Doc. 25 at 13.) The court agrees as to each of the federal sources of law discussed in the R&R. The Complaint fails to state a plausible Eighth Amendment violation because denying participation in the VTPSA is not a deprivation of a basic human need. The Complaint fails to state a plausible Fourteenth Amendment violation because there is no liberty interest in sex offender programming and because the Constitution does not independently protect interests in state-specific grievance procedures. Finally, the HIPAA claim is not plausible because that law does not contain any express or implied private cause of action, and the ADA claim is not plausible because the Complaint does not allege sufficient facts to establish each of the elements of such a claim.

The court agrees with the R&R's conclusion that it is unnecessary here to address Defendants' separate arguments as to remedies. The court adopts the R&R's recommendation to grant leave to amend.

---

[2] The court analyzes below whether the alleged conduct supports a plausible deprivation of constitutional or statutory rights.

## Conclusion

For the reasons stated above, the Report and Recommendation (Doc. 25) is AFFIRMED, APPROVED, and ADOPTED, as modified insofar as the conclusion about Defendant Pfadenhauer's personal involvement; that modification does not alter the outcome. Defendants' Motion to Strike (Doc. 21) is GRANTED, although the court notes that the result would be the same even considering the stricken materials. Defendants' Motion to Dismiss (Doc. 13) is GRANTED.

Plaintiff is granted 30 days to file an amended complaint. If Plaintiff chooses to submit an amended complaint, it shall be titled "Amended Complaint" and shall contain all claims against all parties, as it will supersede the original Complaint in all respects.

Dated at Burlington, in the District of Vermont, this 4th day of August, 2025.

/s/ Geoffrey W. Crawford
Geoffrey W. Crawford, Judge
United States District Court