UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Louis Ray Gilbeau, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>Hannah Pfadenhauer, et al.,<br><br>Defendants. | Civil Action No. 2:24–cv–633 |

**REPORT AND RECOMMENDATION**
(Docs. 33, 36)

Plaintiff Louis Ray Gilbeau, proceeding *pro se* and *in forma pauperis*, appears to bring this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA) against the State of Vermont and Vermont Department of Corrections (DOC) employees Hannah Pfadenhauer and Max Titus. (*See* Docs. 29, 35.)

Plaintiff initially brought this action against former DOC Commissioner Nicholas Deml; DOC "Risk Intervention Services Coordinator" Hannah Pfadenhaur; and DOC "Director of the Americans with Disabilities Act" Max Titus. (Doc. 9 at 3.) The initial Complaint alleged claims under the Eighth and Fourteenth Amendments, the Health Insurance Portability and Accountability Act, and the ADA. (*Id.* at 4.) Defendants filed a Motion to Dismiss. (Doc. 13.) The Court adopted the Report and Recommendation (R&R) recommending that Defendants' Motion to Dismiss the Complaint be granted and that Plaintiff be given leave to file an amended complaint. (Docs. 25, 28.)

Plaintiff subsequently filed the pending Amended Complaint. (Doc. 29.) Defendants move to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 33 at 1.) Plaintiff filed a Response to Defendants' Motion to Dismiss the Amended Complaint. (Doc. 35.)

Plaintiff also filed a "Motion regarding account balance payments" related to DOC's obligation to apply a percentage of Plaintiff's prison account balance toward the filing fee for which Plaintiff is responsible in this action. (Doc. 36.) Plaintiff asserts that DOC should not be permitted to pay the filing fee percentage from money "gifted" to him. (*Id.*) He asserts that DOC should only deduct from his account money that he has "earned." (*Id.*) Plaintiff demands a refund of $106, which he asserts was gifted money and thus improperly applied toward the filing fee. (*Id.*)

Because the Amended Complaint appears to exclude several pages, I recommend that the Court grant Plaintiff 30 days to refile his complete Amended Complaint. Accordingly, I further recommend that Defendants' Motion to Dismiss the Amended Complaint (Doc. 33) be DENIED as moot. I also recommend that Plaintiff's "Motion regarding account balance payments" (Doc. 36) be DENIED.

## Analysis

### I. Motion to Dismiss

Although the allegations are not clear, the Amended Complaint generally alleges that Defendants "violated [Plaintiff's] rights under the Constitution of the United States," specifically the Eighth Amendment. The Amended Complaint also appears to assert a claim under the ADA. (Doc. 29 at 1, 2, 4, 5.) The lack of clarity regarding Plaintiff's intended claims may be due in part to the incompleteness of the Amended Complaint. (*See* Doc. 29.) The Amended Complaint appears to lack pages two through four; the allegations begin at paragraph nine. (*See id.* at 1–2.) The remaining allegations consist of legal standards/definitions and assertions of Defendants' liability, suggesting that the omitted pages may have included Plaintiff's factual allegations.[1]

---

[1] Defendants acknowledge that the basis for Plaintiff's asserted violations "is not clear" and that Plaintiff has not explained Defendants' "alleged 'wrong.'" (Doc. 33 at 1.) As Defendants describe the unclear nature of Plaintiff's claim(s): "The substance of the Amended Complaint seems to be that Plaintiff believes he has an unspecified disability, which led him to make some sort of accommodation request to Defendant Pfadenhauer pertaining to some sort of programming offered to inmates by the Vermont Department of Corrections." (*Id.* at 3.) Plaintiff should have the opportunity to present his claim or claims fully before the Court reviews the factual and/or legal sufficiency of any claims.

The Court acknowledges that Plaintiff's Response to Defendants' Motion to Dismiss includes a reference to the facts cited in his initial Complaint. However, the Court dismissed that Complaint, advising Plaintiff that any Amended Complaint would "supersede the original Complaint in all respects." (Doc. 25 at 17; Doc. 28 at 6.) For Plaintiff's reference, that means an Amended Complaint must include all the facts and claims Plaintiff intends to assert in one filing. Mere reference to allegations in other filings, including the previous Complaint, do not satisfy this requirement.

Given the recommendation that Plaintiff receive an opportunity to file a complete Amended Complaint, I recommend that the Motion to Dismiss the Amended Complaint be denied as moot.

## II. Motion Regarding Account Balance Payments

Upon granting Plaintiff's request to proceed *in forma pauperis*, (Doc. 7), the Court issued an Order requiring DOC to collect filing fee payments from Plaintiff's prison trust account in accordance with § 1915(b)(2). (Doc. 8.) In his "Motion regarding account balance payments," Plaintiff asserts that DOC collected $106.00 of gifted money from his prison trust account in collecting his monthly filing fee payment. (Doc. 36.) Plaintiff contends that "this goes against the gifted monies rule." (*Id.*) He requests that the Court order DOC to "stop taking money that is gifted" and "issue [him] a refund of the amount of $106.00." (*Id.*)

Plaintiff essentially asserts that his monthly filing fee payment should only be drawn from earned income, not money received into his account as a gift. The statute provides:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's *income* credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2) (emphasis added).

Gifted money deposited into an inmate's prison account is "income" for purposes of § 1915(b)(2). *See Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003) (interpreting the word "income" in § 1915(b)(2) "to include all deposits to the prisoner's inmate account, whether the deposit be earned income, a gift, or otherwise"); *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998) ("That some receipts are gifts or bequests from family members does not shelter them from § 1915(b)(2) . . . ."). Therefore, DOC may collect filing fee payments from a prisoner's account that includes funds deposited into the account as a gift.

Accordingly, I recommend that Plaintiff's Motion (Doc. 36) be DENIED.

## **Conclusion**

For the reasons explained above, I recommend that the Court grant Plaintiff 30 days to refile a complete Amended Complaint. I further recommend that Defendants' Motion to Dismiss the Amended Complaint (Doc. 33) be DENIED as moot. I also recommend that Plaintiff's "Motion regarding account balance payments" (Doc. 36) be DENIED.

Dated at Burlington, in the District of Vermont, this 18th day of August 2026.

*/s/ Kevin J. Doyle*
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections that shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).