U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 OCT -1 P 3:20

CLERK
BY LAW
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| LOUIS RAY GILBEAU, JR., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:24-cv-633 |
| HANNAH PFADENHAUER, et al., | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**(Docs. 33, 36, 37)**

In his Amended Complaint, presumably brought under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), plaintiff Louis Ray Gilbeau alleges that the State of Vermont and Vermont Department of Corrections ("DOC") personnel were deliberately indifferent to his medical needs and that they improperly denied him the right to participate in ADA programming. (Doc. 29 at 5–6.) Two motions are currently pending: Defendants' Motion to Dismiss (Doc. 33), and Mr. Gilbeau's motion regarding account balance payments (Doc. 36). The Magistrate Judge issued a Report and Recommendation ("R&R") on August 18, 2026, recommending that the Motion to Dismiss be denied as moot and that Mr. Gilbeau's motion regarding account balance payments be denied. (Doc. 37.) Mr. Gilbeau has not filed an objection to the R&R, and the deadline for filing an objection has passed. After careful review of the file and the Magistrate Judge's R&R, the Report and Recommendation is AFFIRMED, APPROVED, and ADOPTED. *See* 28 U.S.C. § 636(b)(1).

**Background**

The R&R accurately recites the relevant procedural history in this case, beginning with Mr. Gilbeau's original complaint filed in 2024. (*See* Doc. 37 at 1.) The R&R also recognizes

that the Amended Complaint as docketed appears to be missing pages two through four, which, based on review of the remaining pages, likely include Plaintiff's factual allegations that are essential for understanding the nature of his claims. (*See id.* at 2.)

**Standard of Review**

Where a magistrate judge enters a recommended disposition on a dispositive motion, a district judge must determine "de novo" any part of the recommendation to which a party properly objects. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). "The court may adopt those portions of the [R&R] to which no objection is made as long as no clear error is apparent from the face of the record." *United States v. Shores*, No. 17-cr-00083, 2024 WL 489313, at *10 (D. Vt. Feb. 8, 2024) (alteration in original; quoting *Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020)). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Cullen*, 194 F.3d at 405.

As noted above, the standard of review depends on whether there is an objection to the R&R. Here, Mr. Gilbeau has not filed an objection, but that appears to be because he did not receive the R&R or its notification of the right to object. He was incarcerated at Vermont's Northern State Correctional Facility ("NSCF") when he filed his original complaint in this case in mid-2024. (*See* Doc. 9-1.) By the time that the R&R was issued, Mr. Gilbeau had been released. *See* Offender Locator, https://www.vermont.gov/service/offender-locator (last visited Sept. 28, 2026) (follow hyperlink to omsweb.public-safety-cloud.com URL and search for permanent ID 49766) (indicating release date of June 26, 2026). Mr. Gilbeau has not supplied

the court with his current contact information or mailing address. The copy of the R&R that the court mailed to him at his prior NSCF address was returned as undeliverable. (Doc. 38.)

Courts facing similar situations have reached different conclusions as to whether the "de novo" or the "clear error" standard applies. *Compare Little v. Tynon*, No. 21 Civ. 4792, 2023 WL 4298938, at *1 n.1 (S.D.N.Y. June 30, 2023) (electing to conduct a de novo review "[i]n an abundance of caution"), *with Smith v. Warden of N. Infirmary Command*, No. 18 Civ. 7018, 2019 WL 2866729, at *1 (S.D.N.Y. July 3, 2019) (reviewing report and recommendation for clear error). Because Mr. Gilbeau has failed to comply with Local Rule 11(c) requiring pro se parties to notify the court of any change of address, the court is inclined to conclude that the consequence should be forfeiture of any review more searching than "clear error." In any case, the court concludes that it is unnecessary in this case to decide which standard applies because the court's conclusion is the same under both standards.

## Analysis

### I. Motion Regarding Account Balance Payments (Doc. 36)

As explained in the R&R (Doc. 37 at 3), the court in this case previously ordered the DOC to collect sums from Plaintiff's prison trust account to pay for the $350 filing fee under 28 U.S.C. § 1915(b)(2). (*See* Doc. 8.) Mr. Gilbeau asserts that money he has received as gifts to his prison trust account, totaling $106, should not be applied toward his filing fee obligation because, in his view, doing so "goes against the gifted monies rule." (Doc. 36.) He requests an order requiring DOC "to stop taking money that is gifted" and "to issue me a refund of the amount of $106.00." (*Id.*)

The R&R correctly recites the provisions of § 1915(b)(2) and correctly applies authorities holding that gifted money deposited into a prison trust account is "income" for purposes of that

statute. (Doc. 37 at 3–4.) Whatever effect the "gifted monies rule" has on disbursements from the trust account, it does not impact disbursements that § 1915(b)(2) requires. The court will adopt the R&R's recommendation to deny Doc. 36.

## II. Motion to Dismiss (Doc. 33)

Defendants seek dismissal of the Amended Complaint, arguing that the Amended Complaint (A) fails to allege any ADA violation, and (B) fails to raise any cognizable claim under 42 U.S.C. § 1983. (Doc. 33 at 4–7.) Noting the pages that appear to be missing from the Amended Complaint as filed on the docket, the R&R recommends that Plaintiff be granted a period of 30 days to refile the Amended Complaint, and that Defendants' Motion to Dismiss be DENIED as moot. (Doc. 37 at 2–3.) The court agrees with and adopts these recommendations.

## Conclusion

For the reasons stated above, the Report and Recommendation (Doc. 37) is AFFIRMED, APPROVED, and ADOPTED. Plaintiff's Motion regarding account balance payments (Doc. 36) is DENIED. Defendants' Motion to Dismiss (Doc. 33) is DENIED as moot because the Amended Complaint appears to be missing critical pages and Plaintiff should have the opportunity to refile that pleading so that the court can properly review the plausibility of his claims. The court grants Plaintiff until **November 2, 2026,** to refile a complete Amended Complaint. **Failure to refile the Amended Complaint may result in dismissal of Plaintiff's claims in this case.** The court reiterates the caution in the R&R that the refiled Amended Complaint must include all facts and claims and that "reference to allegations in other filings, including the previous Complaint, do not satisfy this requirement." (Doc. 37 at 3.)

Dated at Burlington, in the District of Vermont, this 1st day of October, 2026.

Geoffrey W. Crawford, Judge
United States District Court